E-FILED
Wednesday, 12 March, 2008  11:09:31 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-30065 |
| | ) | |
| REBECCA LYNN SARGEANT, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on March 10, 2008, for the sentencing hearing of Defendant Rebecca Sargeant.  Defendant Sargeant appeared in person and by her attorney Assistant Federal Public Defender Robert Scherschligt.  The Government appeared by Assistant U.S. Attorney Gregory Gilmore.  On August 23, 2007, Defendant Sargeant appeared before United States Magistrate Judge Byron G. Cudmore and pleaded guilty to the charge of theft of public money, property or records, in violation of 18 U.S.C. § 641, as alleged in the Indictment (d/e 1).  Judge Cudmore recommended that the Court accept the plea.  Report and Recommendation entered August 24, 2007 (d/e 9).  The Court accepted the

1

plea on October 11, 2007.  <u>Text Order entered October 11, 2007</u>.  The United States Probation Office prepared a Revised Presentence Investigation Report (PSR), dated December 4, 2008.

The Government had no objections to the PSR.  The Defendant objected to paragraph 16 of the PSR that called for an upward adjustment to her base offense level because she abused a position of public or private trust in connection with the offense.  U.S.S.G. § 3B1.3.  For the reasons stated in open court, the Court sustained the objection.  The Court determined that the Defendant's position as an accounts receivable clerk was more like the position of an ordinary bank teller with little discretionary authority, rather than a position of public or private trust.  <u>See</u> U.S.S.G. § 3B1.1, Commentary, Application note 1.

The Defendant had no other objections to the PSR.  The Court, therefore, adopted the remainder of the findings of the PSR as its own, subject to the objection discussed above.  Accordingly, the Court found that Defendant Sargeant had a final Offense Level of 13 and was in Criminal History Category I, resulting in an advisory Guideline sentencing range of 12 to 18 months, in Zone D of the Guidelines.  The Court noted that the Guidelines are advisory, and that the Court was required to exercise its

discretion to determine Defendant Sargeant's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information.  United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).  The Court gave Defendant Sargeant the opportunity to make a statement before being sentenced.  Defendant Sargeant declined.

THEREFORE, after considering the case file, the evidence presented, the Guidelines, the relevant statutory sentencing factors, and the arguments of counsel, the Court sentenced Defendant Rebecca Lynn Sargeant to a term of 13 months imprisonment, to be followed by supervised release for three years.  The Court ordered Defendant Sargeant to pay a $100.00 special assessment, which was due immediately.  The Court further ordered Defendant Sargeant to pay restitution in the sum of $168,000.00, to be paid in the manner stated of record in open court.  No fine was imposed. The Court authorized Defendant to report July 1, 2008, at 12:00 p.m., noon, to the facility selected by the Bureau of Prisons to begin serving her sentence of imprisonment.  If she is unable to transport herself to the facility selected by the Bureau of Prisons, the Court directed her to report by noon on July 1, 2008, to the U.S. Marshal's Office located at 600 E. Monroe Springfield, Illinois, to begin serving her sentence.  The Court then

informed Defendant Sargeant of her right to appeal.

IT IS THEREFORE SO ORDERED.

ENTER:   March 11, 2008

         FOR THE COURT:

                         _____ s/  Jeanne E. Scott _____
                                  JEANNE E. SCOTT
                         UNITED STATES DISTRICT JUDGE